_____

SO ORDERED,

*[signature]*

**Judge Neil P. Olack**
**United States Bankruptcy Judge**
**Date Signed: December 23, 2016**

**The Order of the Court is set forth below. The docket reflects the date entered.**
_____

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

    MARK E. KELTY,                                  CASE NO. 15-02014-NPO

    DEBTOR.                                          CHAPTER 7

SWIFT FINANCIAL CORPORATION D/B/A              PLAINTIFF
SWIFT CAPITAL

V.                                                    ADV. PROC. NO. 15-00077-NPO

MARK E. KELTY                                         DEFENDANT

### MEMORANDUM OPINION AND ORDER
### DENYING MOTION FOR SUMMARY JUDGMENT

There came on for consideration the Motion for Summary Judgment ("Motion for Summary Judgment") (Adv. Dkt. 29)[1] filed by the plaintiff, Swift Financial Corporation d/b/a Swift Capital ("Swift"); the Memorandum Brief in Support of Motion for Summary Judgment ("Memorandum") (Adv. Dkt. 30) filed by Swift; the Defendant's Response to Plaintiff's Motion

---

[1] Citations to the record are as follows: (1) citations to docket entries in the above referenced adversary proceeding (the "Adversary") are cited as "(Adv. Dkt. ___)"; and (2) citations to docket entries in the above-styled bankruptcy case (the "Bankruptcy Case") are cited as "(Bankr. Dkt. ___)".

for Summary Judgment ("Response") (Adv. Dkt. 35) filed by the debtor and defendant, Mark E. Kelty ("Kelty"); the Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment ("Memorandum in Opposition") (Adv. Dkt. 36) filed by Kelty; and the Reply in Support of Motion for Summary Judgment ("Reply") (Adv. Dkt. 39) filed by Swift in the Adversary. Swift attached nineteen (19) exhibits,[2] marked as Exhibits 1-13 and 15-20,[3] to the Motion for Summary Judgment. (Adv. Dkt. 29-1 to 29-13 and 29-15 to 29-20). On November 15, 2016, the Court entered the Order Granting Plaintiff's Motion for Leave (Adv. Dkt. 45), allowing Swift to file an additional exhibit in support of the Reply, marked as Exhibit 1.[4] Combined, Swift's exhibits total 219 pages. Kelty attached five (5) exhibits, totaling 32 pages, to the Response. (Adv. Dkt. 35-1 to 35-5). Having reviewed the pleadings and the briefs submitted by the parties, the Court finds that the Motion for Summary Judgment should be denied for the reasons set forth below.[5]

## Jurisdiction

This Court has jurisdiction over the subject matter of and the parties to the Adversary pursuant to 28 U.S.C. § 1334. This matter is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(I).

---

[2] Some of the exhibits appear to include personal identifiers that should be redacted as required by Federal Rule of Bankruptcy Procedure 9037. The Court refers the parties to Local Form MSSB-MRD, available on its website, www.mssb.uscourts.gov.

[3] Swift did not attach an exhibit marked as "Exhibit 14" to the Motion for Summary Judgment.

[4] The number and types of exhibits submitted is relevant to the Court's analysis because it demonstrates that Swift and Kelty have each offered substantial evidence to dispute the other's claims.

[5] The following constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

**Facts**

1.     Kelty was the owner and operator of Bath Planet of Mississippi, LLC ("Bath Planet"), which was in the business of remodeling bathrooms. (Kelty Ex. 1 at ¶¶ 1-2).[6] Bath Planet ceased all business operations by June 2015. (*Id.* at ¶ 2).

2.     Prior to Bath Planet ceasing operations, Bath Planet and Swift entered into a Future Receivables Sale Agreement ("Receivables Agreement") on January 13, 2015. (Swift Ex. 1). Kelty negotiated the Receivables Agreement with Swift on behalf of Bath Planet. (Kelty Ex. 1 at ¶¶ 4-5). Through the Receivables Agreement, Swift paid Bath Planet $50,000.00 in exchange for $64,450.00 of Bath Planet's future receivables to be paid over time. (Swift Ex. 1 at 1). Under the Receivables Agreement, Bath Planet agreed to repay Swift at the rate of $537.08 per business day, through direct debits from a Community Trust Bank Account (the "Community Trust Account") maintained by Bath Planet. (Memo. in Opposition at 3).

3.     Kelty filed a voluntary chapter 7 petition on June 26, 2015. (Bankr. Dkt. 1). Swift filed a proof of claim (Cl. No. 1-1) in the amount of $58,839.88, on November 3, 2015.

4.     On November 3, 2015, Swift filed the Complaint Objecting to the Dischargeability of a Certain Debt (Adv. Dkt. 1) against Kelty. Swift filed the Amended Complaint Objecting to the Dischargeability of a Certain Debt (the "Amended Complaint") (Adv. Dkt. 10) on November 19, 2015. In the Amended Complaint, Swift asserted that Kelty obtained the Receivables Agreement and $50,000.00 in funds on behalf of Bath Planet through false pretenses, false representation, actual fraud, and use of a false written statement, such that Swift is entitled to a judgment declaring the debt nondischargeable under 11 U.S.C. §

---

[6] Exhibits submitted with the Motion for Summary Judgment are cited as "(Swift Ex. ___)". Exhibits submitted with the Response are cited as "(Kelty Ex. ___)".

523(a)(2)(A) and § 523(a)(2)(B).[7]  (Amended Compl. ¶¶ 20-25).  Swift also alleged grounds for nondischargeability under § 523(a)(4) and § 523(a)(6).[8]  (Amended Compl. ¶¶ 26-35).

5.   A discharge pursuant to chapter 7 of the Bankruptcy Code was granted to Kelty on November 12, 2015.  (Bankr. Dkt. No. 43).

6.   On September 16, 2016, Swift filed the Motion for Summary Judgment seeking a monetary judgment against Kelty in the principal amount of $58,839.83,[9] plus costs, and a declaratory judgment finding this debt non-dischargeable in the Bankruptcy Case under § 523(a)(2)(A) and/or § 523(a)(2)(B).  Swift contends that Kelty "engaged in conduct creating a false impression and made express, false statements" to Swift describing the monthly gross sales of Bath Planet, in order to "induce [] Swift to enter into the [Receivables Agreement] and give [Kelty] money." (Memo. at 12-13).  Swift specifically alleges, *inter alia*, that Kelty represented in the Funding Application (the "Funding Application") (Swift Ex. 5) that Bath Planet's monthly gross sales were $50,000.00 per month, when, in reality, they were less than $42,000.00; that Kelty took $55,347.00 in cash advances from a "secret credit line" and deposited it into the Community Trust Account, telling Swift that the increased sales were due to "TV advertising"; that Kelty improperly commingled funds in the Community Trust Account with those in his personal bank account and the "secret credit line"; and that Kelty "knew that his statements…were false at the time he made them."  (Memo. at 13-14).  In support of its argument, Swift attached as exhibits to the Motion for Summary Judgment the Funding

---

[7] Hereinafter, all code sections refer to the United States Bankruptcy Code, located at Title 11 of the United States Code, unless otherwise noted.

[8] Swift did not move for summary judgment under either § 523(a)(4) or § 523(a)(6). Therefore, the Court does not consider whether Swift is entitled to judgment as a matter of law under either provision.

[9] While the proof of claim was for $58,839.88, the Motion for Summary Judgment requested $58,839.83. However, the Court finds the difference immaterial.

Application signed by Kelty for the Receivables Agreement, statements from the Community Trust Account and a separate BankPlus account maintained by Kelty (Swift Exs. 2-3, 6, 13, and 18), and typewritten notes from recorded telephone conversations between Kelty and Swift's employees regarding the Receivables Agreement (Swift Exs. 8, 10, 11 and 15).

7. On October 21, 2016, Kelty filed the Response, in which he denied the allegations set forth above, and attached an affidavit stating that he had not falsely represented Bath Planet's monthly gross sales; that he had not taken cash advances from a "secret credit line" in order to fraudulently or deceitfully misrepresent Bath Planet's monthly gross sales; that he had not represented as fact that the increased sales were due to "TV advertising"; and that he had not used any of the proceeds from Swift for any improper purpose. (Kelty Ex. 1). Additionally, and relevant for purposes of the Motion for Summary Judgment, Kelty denied knowingly making false statements or possessing intent to deceive or perpetrate fraud on Swift, and, in turn, provided alternate explanations to controvert Swift's allegations. (*Id.*).

## Discussion

At issue before the Court is whether Swift is entitled to judgment as a matter of law declaring the debt created by the Receivables Agreement to be nondischargeable pursuant to § 523(a)(2)(A) and/or § 523(a)(2)(B), when Kelty submitted a sworn affidavit disputing the claims raised by Swift in the Motion for Summary Judgment and exhibits.

### I. Summary Judgment Standard

Federal Rule of Civil Procedure 56 ("Rule 56"), made applicable to the Adversary by Federal Rule of Bankruptcy Procedure 7056, states that summary judgment is properly granted only when, viewing the evidence in the light most favorable to the nonmoving party: (1) the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if

any, show that there is no genuine issue as to any material fact, and (2) that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party," and is material if it would "affect the outcome of the lawsuit under the governing substantive law." *Phillips Oil Co. v. OKC Corp.*, 812 F.2d 265, 272-73 (5th Cir. 1987).

The moving party "bears the initial responsibility of informing [the Court] of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (quotation omitted). Once the moving party has made its required showing, the nonmovant must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quotation omitted). In any event, "[t]he movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). Moreover, on a motion for summary judgment, the role of this Court is "not…to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *see also Kubow v. Hartford Cas. Ins. Co.*, 475 F.3d 672, 675 (5th Cir. 2007). In deciding whether to grant summary judgment, therefore, the Court must determine whether Swift has met its burden of proving the absence of a genuine issue of material fact, such that it is entitled to judgment as a matter of law under § 523.

**II.     Discharge**

While the grant of a discharge under chapter 7 of the Bankruptcy Code typically relieves a debtor of his or her liabilities, § 523 excepts certain types of debts from discharge where the party in interest is able to establish the necessary elements. *See* 11 U.S.C. § 523.

**A.     § 523(a)(2)(A)**

Section 523(a)(2)(A) of the Bankruptcy Code provides an exception from discharge as follows:

> (a) A discharge under section 727, . . . of this title does not discharge an individual debtor from any debt --
>
> . . .
>
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –
>
> > (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A). Under § 523(a)(2)(A), a debtor's representation is false or made under a false pretense if it "was: (1) a knowing and fraudulent falsehood; (2) describing past or current facts; (3) that was relied upon by the other party." *Universal Card Servs. v. Mercer (In re Mercer)*, 246 F.3d 391, 403 (5th Cir. 2001).

Additionally, in order to prove actual fraud under § 523(a)(2)(A), the plaintiff must demonstrate "wrongful intent" to act deceptively, which includes "acts of deception that 'may exist without the imputation of bad faith or immorality,'" and is "broad enough to incorporate a fraudulent conveyance." *Husky Int'l Elecs., Inc. v. Ritz*, 136 S. Ct. 1581, 1586-87 (2016). *See also In re Ritz*, 832 F.3d 560, 565-567 (5th Cir. 2016). A plaintiff bears the burden of proving each element of § 523(a)(2)(A) by a preponderance of the evidence. *Westwood Square Ltd. P'ship v. Broome (In re Broome)*, No. 2014 WL 61235, at *5 (Bankr. S.D. Miss. Jan. 8, 2014).

Thus, Swift has the burden of showing by a preponderance of the evidence that Kelty knew he made false statements, describing past or current facts, and that Swift relied upon those false statements when deciding whether to enter into the Receivables Agreement and lend money to Bath Planet.

**B.     § 523(a)(2)(B)**

Section 523(a)(2)(B) of the Bankruptcy Code provides an exception from discharge as follows:

> (a) A discharge under section 727, . . . of this title does not discharge an individual debtor from any debt --
> . . .
>   (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –
> . . .
>     (B) use of a statement in writing –
>
>       (i)   that is materially false;
>       (ii)  respecting the debtor's or an insider's financial condition;
>       (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
>       (iv)  that the debtor caused to be made or published with intent to deceive.

11 U.S.C. § 523(a)(2)(B). A statement is "materially false if it 'paints a substantially untruthful picture of a financial condition by misrepresenting information of the type which would normally affect the decision to grant credit.'" *In re Trimble*, 482 B.R. 546, 554 (N.D. Miss. 2012) (citing *Jordan v. Se. Nat'l Bank (In re Jordan)*, 927 F.2d 221, 224 (5th Cir. 1991)). As is the case with § 523(a)(2)(A), a plaintiff bears the burden of proving each element of § 523(a)(2)(B) by a preponderance of the evidence. *In re Broome*, 2014 WL 61235, at *5. To meet the § 523(a)(2)(B) exception to discharge, therefore, Swift must prove by a preponderance of the evidence that Kelty intentionally used a materially-false written statement respecting Bath

Planet's financial condition, in order to deceive Swift into entering into the Receivables Agreement, and that Swift reasonably relied upon the statement.

### III. Denial of the Motion for Summary Judgment

On a motion for summary judgment, the Court must determine whether (1) there is a genuine dispute as to any material fact; and (2) whether the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a); *Catrett*, 477 U.S. at 322. If no genuine issue of material fact exists, the Court will assess whether the pleadings and supporting documentation, including the affidavits and transcripts, provide a sufficient basis upon which to determine that Kelty obtained the Receivables Agreement and funding from Swift in contradiction of § 523(a)(2)(A) or § 523(a)(2)(B), such that the debt may be excepted from discharge. As a threshold matter, the Court notes that § 523(a)(2)(A) does not apply to a debtor's financial statements. The Funding Application appears to be just that – a financial statement. Therefore, Swift is clearly not entitled to summary judgment on its § 523(a)(2)(A) claim as a matter of law.

Even if § 523(a)(2)(A) does apply, the Court finds that genuine issues of material fact exist that preclude summary judgment under either § 523(a)(2)(A) or § 523(a)(2)(B). Both provisions require Swift to show by a preponderance of the evidence that Kelty knew the representation was false at the time he made it, and that Kelty possessed an intent to deceive. *See Husky*, 136 S. Ct. at 1586-87; *In re Mercer*, 246 F.3d at 403; *In re Broome*, 2014 WL 61235, at *5.

Although Swift submitted the Funding Application for the Receivables Agreement, statements from the Community Trust Account and a separate BankPlus account maintained by Kelty, and typewritten notes from recorded telephone conversations between Kelty and Swift employees regarding the Receivables Agreement, Kelty, in turn, has submitted competing

evidence sufficient to demonstrate a dispute of material fact. In the Response, Kelty attached an affidavit challenging Swift's claims, asserting that he did not make false representations to Swift, that he did not use the proceeds from Swift for any improper purpose, and that he did not act with the intent to deceive. As has been stated, on a motion for summary judgment, the Court is not to weigh the evidence or evaluate the credibility of witnesses, but rather to determine whether there is a genuine issue for trial. *See Liberty Lobby*, 477 U.S. at 249; *Kubow*, 475 F.3d at 675. In the Adversary, Kelty's state of mind is an essential element of each claim. Thus, the appropriate method for determining Kelty's credibility is by live testimony at trial, and not on a motion for summary judgment. Further, the Court finds unpersuasive Swift's insistence that its proffered exhibits represent the "**truth**," as opposed to Kelty's affidavit. (Reply at 3, 6, 7, 11).

The Court also notes that "[e]ven if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that 'the better course would be to proceed to a full trial,'" so that the record might be more fully developed for the trier of fact. *Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012) (quoting *Liberty Lobby*, 477 U.S. at 255); *River Region Med. Corp. v. Wright*, No. 13-00793-DPJ-FKB, slip op. at 4 (S.D. Miss. Aug. 5, 2014) (affirming interlocutory order denying summary judgment); *see also Kunin v. Feofanov*, 69 F.3d 59, 62 (5th Cir. 1995); *Black v. J.I. Case Co.*, 22 F.3d 568, 572 (5th Cir. 1994); *Veillon v. Exploration Servs., Inc.*, 876 F.2d 1197, 1200 (5th Cir. 1989).

The Court concludes that Swift has not met its burden of demonstrating the absence of a genuine issue of material fact. Additionally, the Court finds that the Motion for Summary Judgment should be denied in order for the record to be more fully developed. Accordingly, the Motion for Summary Judgment is not well-taken and should be denied.

IT IS, THEREFORE, ORDERED that the Motion for Summary Judgment is hereby denied.

##END OF OPINION##